**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL L. BERNBACK, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 3:98-CV-0230 |
| vs. : | |
| : | (JUDGE CAPUTO) |
| THOMAS GRECO, Individually and : | |
| as President of Harvey's Lake : | |
| Amphitheater, Inc., : | |
| : | |
| Defendant. : | |

**MEMORANDUM**

Before me is Plaintiff's Motion for Interest, Attorney Fees and Expenses. (Doc. 302.) The motion seeks additional attorney's fees incurred in regard to post judgment activity including an appeal to the United States Court of Appeals for the Third Circuit by Defendant, a motion for reconsideration to the Third Circuit Court of Appeals and a petition for a writ of certiorari to the United States Supreme Court by Defendant. I dealt with the first motion for attorney's fees, and held that despite language in the Stock Purchase Agreement (Doc. 239, Ex. A) and the Personal Guarantee (Doc. 239, Ex. B), each of which provides for actual fees incurred by the prevailing party, the contingent fee agreement between Plaintiff and counsel defined actual fees as 40% of any recovery achieved in the subject litigation against Defendant. (Doc. 279.)

Thereafter, I considered the instant motion and determined that Plaintiff should submit appropriate data to enable me to perform a lodestar analysis in determining additional fees, if any, and the effect of the contingent fee agreement on this motion. (Doc. 313.)

Plaintiff has submitted the data, along with a brief in support (Doc. 314), and


Defendant has filed an opposing brief (Doc. 322).   In my April 29, 2004, Memorandum, I held that the relevant time period for any additional fees was the period from November 9, 2002, to the present. (*See* Doc. 313 at 3.) Defendant does not agree with this determination. In view of what follows, the issue is moot.

Defendant contends Plaintiff's motion is not timely under Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure because it was not filed within 14 days of judgment, and more significantly, when the initial motion was so timely filed, it violated Rule 54(d)(2)(B) because it did not contain a fair estimate of future fees.  I will dispel the controversy here by granting leave to Plaintiff to file this motion.  No one is prejudiced, and Plaintiff is not required to give a fair estimate of unforeseen future involvement.

Turning to the counsel fees issue, I first note that it is unfair to consider the first motion for attorney's fees and the instant motion separately.  Normally they would be considered separately, but the contingent fee agreement requires that the allowance of fees be reviewed as a whole, and not in pieces.  It would be unfair to limit fees to 40% because of the contingent fee agreement when the lodestar yielded a greater sum regarding the first motion and then consider the lodestar and the impact of the contingent fee agreement for a second distinct period of time and different discrete legal services.  In other words, because of the contingent fee agreement, the rendering of legal services must be looked at as a whole in relation to the recovery in the case, not in terms of two distinct periods where different legal services were rendered.

That said, the original lodestar amount was $179,902.50.  The period covered was from the inception of the case through November 20, 2002.  Currently, Plaintiff has presented evidence that the lodestar would yield $27,200.00 in fees for the period November

27, 2002, to the present. I am satisfied that the latter sum is reasonable, as it takes into account my May 20, 2002, Memorandum. Thus, the total lodestar for the entire case is $207,102.50. The contingent fee agreement allows for 40% of monies attained by counsel after "verdict at trial . . . after trial . . . or appeals." (Doc. 270, Ex. A at ¶ 2(c)). Since the verdict was $225,000.00, I awarded counsel fees to Plaintiff of $90,000.00. The question before me is what, if any, additional fees are owed. Stated another way, given that work was performed subsequent to the verdict for which a lodestar fee determination would be allowed, and since the lodestar calculation for the entire case exceeds 40% of interest on the verdict, interest on the fees and interest on the expenses, is Plaintiff entitled to recover additional fees based on 40% of any or all of those components?

I would ordinarily allow counsel fees actually incurred because the Stock Purchase Agreement[1] (Doc. 239, Ex. A) and the Personal Guarantee[2] (Doc. 239, Ex. B) mandate them. The contingent fee agreement allows for 40% of monies obtained by virtue of verdict and after appeals. Here the monies obtained for Plaintiff include not only the verdict but interest on the verdict. The same cannot be said for interest on the counsel fees. The fees shifted

---

[1] 13.13 Attorney's Fees and Court Costs. If any action at law or equity is brought to enforce or interpret this Agreement, the prevailing party therein shall be entitled to recover from the other party the actual attorney's fees incurred, court costs, and other litigation-related expenses.

(Stock Purchase Agreement, Doc. 239, Ex. A.)

[2] If any action at law or equity is brought to enforce or interpret this Agreement, the prevailing party therein shall be entitled to recover from the other party the actual attorney's fees incurred, court costs and all other litigation-related expenses.

(Personal Guarantee, Doc. 239, Ex. B.)

3

to Defendant were limited by the fee agreement since they were the fees actually incurred by Plaintiff.  The fee of $90,000.00 was set, and interest will be available on it.  It would be inappropriate to conclude that interest on the attorney's fees were monies obtained for the Plaintiff within the meaning of the fee agreement.  Therefore, it would not be appropriate to allow Plaintiff counsel fees based on 40% of the interest accruing on the counsel fees.  The same is true of the expenses.   Therefore, 40% of the interest on the expenses will not be allowed.

However, in a very real sense, the interest on the verdict is money obtained for Plaintiff within the meaning of the contingent fee agreement.  Given the additional legal services, and given that the lodestar for the entire case exceeds 40% of the verdict and the interest thereon, it is appropriate to award additional fees based upon 40% of the interest on the verdict.

The ultimate goal in this case is to award fees actually incurred.  The fee agreement limits those to 40% of the monies obtained for Plaintiff.  Therefore, Plaintiff shall submit the interest calculation on the verdict within thirty (30) days of this Order.  If Defendant does not concur in that calculation, Defendant shall submit his calculation within fifty (50) days of this Order.  If a dispute exists, I will calculate the amount.

An appropriate Order follows.


June 30, 2005                               /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                            United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL L. BERNBACK, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 3:98-CV-0230 |
| vs. : | |
| : | (JUDGE CAPUTO) |
| THOMAS GRECO, Individually and : | |
| as President of Harvey's Lake : | |
| Amphitheater, Inc., : | |
| : | |
| Defendant. : | |

### ORDER

**NOW**, this   30th   day of June, 2005, **IT IS HEREBY ORDERED** that the Plaintiff's Motion for Interest, Attorney Fees and Expenses (Doc. 302) is **GRANTED** in part and **DENIED** in part as follows:

(1) Plaintiff's request for attorney's fees on the interest on the attorney's fees previously awarded and attorney's fees on the interest on the expenses is **DENIED**.

(2) Plaintiff is awarded additional fees based on 40% of the interest accrued on the verdict of $225,000.00 at the rate provided by law.

(3) Plaintiff shall submit his calculation of that interest within **thirty (30) days** of the date of this Order.

(4) Defendant shall, if he does not agree with Plaintiff's calculation of interest, submit his interest calculation within **fifty (50) days** of the date of this Order.

(5) A final order awarding additional fees will be entered thereafter.

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge